IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN ALBERT MULLIGAN, | Cause No. CV 21-53-M-DLC |
| Petitioner, | |
| vs. | ORDER |
| ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondent. | |

On May 3, 2021, Petitioner John Albert Mulligan, filed a petition seeking a

writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Mr. Mulligan is a state

prisoner proceeding pro se.

## I.      Motion to Proceed In Forma Pauperis

Mr. Mulligan has moved this Court to proceed in forma pauperis. (Doc. 2.)

After reviewing the motion and supporting account statement, it appears Mr.

Mulligan has sufficiently shown he cannot afford to pay all costs that may be

associated with this action. The motion to proceed in forma pauperis will be

---

[1] Under the "prison mailbox rule" a prisoner's federal habeas petition is deemed filed when he
hands it over to prison authorities for mailing to the district court.  *Houston v. Lack*, 487 U.S.
266 (1988).

granted.

## II.     28 U.S.C. § 2254 Petition

According to Mr. Mulligan, he was convicted of two counts of Assault with

a Weapon in Montana's Fourth Judicial District, Missoula County.  (Doc. 1 at 2-3.)

Mr. Mulligan contends that his right to due process was violated because there was

a 10-month delay between the oral pronouncement of sentence and entry of the

written judgment, in contravention of Mont. Code Ann. § 46-18-116.[2]  (Doc. 1 at 4,

¶ 13(A)).  Mr. Mulligan asks this Court to vacate his entire sentence and order his

removal from the Montana Violent Offender Registry.  *Id*. at 7, ¶ 17.

### i.     Analysis

As a preliminary matter, the Court would note that Mr. Mulligan presented

this same issue to the Montana Supreme Court in a state habeas petition.  The

Court denied the petition and determined that Mr. Mulligan had not shown a

statutory violation or demonstrated that his due process rights were violated.

*Mulligan v. Monsen*, OP 21-0058, Or. at 2 (Mont. Feb. 16, 2021).[3] Additionally,

this Court is generally required to give deference to state court decisions which

---

[2] The Court presumes Mr. Mulligan is referencing MCA §46-18-116 (1), which requires that the written judgment be signed and entered on the record within 30 days after the oral pronouncement of the disposition of the case.

[3] Mr. Mulligan attached a copy of this decision to his petition.  See, (Doc. 1-1 at 6-8.)

address the merits of a petitioner's claim.  See, 28 U.S.C. § 2254(d).  But it matters

not at this juncture, because Mr. Mulligan's claim is not cognizable.

Federal habeas corpus relief is available only for violations of the Constitution or

laws or treaties of the United States.  See, 28 U.S.C. §2254(a); see also, *Estelle v.*

*McGuire*, 502 U.S. 62, 67-68 (1991).  To the extent that Mr. Mulligan asserts the

district court and/or the Missoula County Attorney's office erred by failing to

timely file the written judgment, this contention is one of state law and is not

cognizable on federal habeas review.  See, *Swarthout v. Cooke*, 562 U.S. 216, 219

(2011) (per curiam) ("We have stated many times that federal habeas corpus relief

does not lie for errors of state law."); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)(per

curiam)("it is only noncompliance with federal law that renders a State's criminal

judgment susceptible to attack in the federal courts").

     Although Mr. Mulligan makes passing reference to his right to a purported

due process violation, such reference is insufficient to convert the issue into one of

federal constitutional import.  See, *Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir.

1996) (petitioner cannot "transform a state-law issue into a federal one merely by

asserting a violation of due process"); see also, *Little v. Crawford*, 449 F. 3d 1075,

1083 n. 6 (9th Cir. 2006) (federal court cannot treat a mere error of state law, if one

occurred, as a denial of due process otherwise "every erroneous decision by a state

court on state law could come here as a federal constitutional question").  Because

3

Mr. Mulligan's claim is not cognizable in federal habeas, the petition will be denied.

### III.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings.    A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mr. Mulligan has not made a substantial showing that he was deprived of a constitutional right; his claim is not cognizable in federal habeas.  Accordingly, no reasonable jurist would find basis to encourage further proceedings and there are no close questions.  A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

### ORDER

1.  Mr. Mulligan's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

2.  Mr. Mulligan's Petition (Doc. 1) is DENIED.

3.  The Clerk of Court is directed to enter, by separate document, a

judgment in favor of Respondents and against Petitioner.

4.  A certificate of appealability is DENIED.

DATED this 20th day of May, 2021.

/s/ Dana L. Christensen
Dana L. Christensen
United States District Court Judge